Nos. 24-5196 and 24-5200

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

ARIANE ROWLAND and JAMIE SCHULZE
*Plaintiffs-Appellees, and*

TRACY CAEKAERT and CAMILLIA MAPLEY
*Plaintiffs-Appellees,*

*v.*

PHILIP BRUMLEY,
*Appellant, and*

WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,
*Defendants.*

On consolidated appeals from 28 U.S.C. § 1927 Sanction Orders against non-party
District of Montana Nos. CV-20-52-BLG-SPW and CV-20-59-BLG-SPW
The Honorable Susan P. Watters

---

### APPELLEES' RESPONSE BRIEF

---

Ryan R. Shaffer
430 Ryman Street
Missoula, MT 59802
(406) 543-6929 │ (406) 721-1799

*Attorney for Appellees* Ariane Rowland, Jamie Schulze,
Tracy Caekaert, and Camillia Mapley.

## **<u>TABLE OF CONTENTS</u>**

STATEMENT OF JURISDICTION..........................................................................1

STATEMENT OF THE ISSUES............................................................................1

STATEMENT OF THE CASE...............................................................................1

SUMMARY OF PLAINTIFFS' ARGUMENT .....................................................5

STANDARD OF REVIEW ...................................................................................7

ARGUMENT .........................................................................................................7

  1.  Brumley waived his appellate argument by failing to present it to the District Court. ...............................................................................................................7

    a.  Brumley's appeal should be denied because it relies on facts and arguments not properly raised with the District Court.....................................................8

    b.  No exception to the general waiver rule is applicable. ................................11

      i.     No exceptional circumstances exist......................................................12

      ii.    No new issues have arisen. ...................................................................13

      iii.   Brumley's appeal relies on unsupported facts, and Plaintiffs will be prejudiced if he is permitted to raise them for the first time on appeal. ........13

      iv.   No Plain Error ........................................................................................15

  2.  Brumley's sanctionable conduct was in his role as WTPA's "attorney" as that term is used under 28 U.S.C. § 1927.............................................................15

    a.  Brumley was not just an "affiant-witness, who also happened to be an attorney." ....................................................................................................16

    b.  The plain language of 28 U.S.C. § 1927 applies to Brumley because he is an attorney admitted to conduct cases in federal court, and he perpetuated his deceptive statements in that role. ...............................................................17

    c.  Brumley is asking this Court to impermissibly rewrite § 1927. .................18

    d.  The legislative history does not evidence a clear indication of contrary intent. ..........................................................................................................19

i

e.  28 U.S.C. § 1927 sanctions have been issued against attorneys not of record. ............................................................................22

f.  The cases cited by Brumley are not persuasive. .........................................24

3.  If the Court determines Brumley cannot be sanctioned under 28 U.S.C. § 1927 it should remand to the District Court for further proceedings. .............29

CONCLUSION ...................................................................................................30

# TABLE OF AUTHORITIES

## CASES

*AF Holdings LLC v. Navasca* No.,
C-12-2396 EMC, 2013 WL 5701104 (N.D. Cal. Oct. 16, 2013) ...........................26

*Almero v. INS*,
18 F.3d 757, 760 (9th Cir.1994) ...............................................................18

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201, 1213–14 (9th Cir. 2020) ...................................... 11, 12, 14

*Anderson v. Cumming*,
827 F.2d 1303, 1305 (9th Cir. 1987) ........................................................10

*Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*,
447 U.S. 102, 108 (1980).........................................................................20

*Coronado-Durazo v. I.N.S.*,
123 F.3d 1322, 1324 (9th Cir. 1997) .................................................. 18, 19

*F.T.C. v. Alaska Land Leasing, Inc.*,
799 F.2d 507, 510 (9th Cir. 1986) ............................................................25

*Flores–Arellano*,
5 F.3d 360, 363 (9th Cir.1993) ................................................................20

*G & G Prods. LLC v. Rusic*,
902 F.3d 940, 950 (9th Cir. 2018) ............................................................12

*In re E.R. Fegert, Inc.*,
887 F.2d 955, 957 (9th Cir. 1989) ..............................................................8

*In re Kinney*,
51 B.R. 840, 847 (Bankr. C.D. Cal. 1985)................................................22

iii

# TABLE OF AUTHORITIES
### (CONTINUED)

*In re Marker*,
133 B.R. 340, 346 (Bankr. W.D. Pa. 1991) ...........................................................27

*In re Mercury Interactive Corp. Securities Litigation*,
618 F.3d 988, 992 (9th Cir. 2010) ...........................................................................8

*Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*,
631 F.3d 1133, 1137 (9th Cir. 2011) ......................................................................17

*Kaass L. v. Wells Fargo Bank, N.A.*,
799 F.3d 1290, 1292 (9th Cir. 2015) ................................................ 7, 11, 13, 14, 25

*Kirshner v. Uniden Crop. Of America*,
842 F.2d 1074, 1077-78 (9th Cir. 1988) ................................................................10

*Lamie v. U.S. Tr.*,
540 U.S. 526, 538 (2004) ........................................................................................19

*Lee v. L.B. Sales, Inc.*,
177 F.3d 714, 719 (8th Cir. 1999) ..........................................................................27

*Leventhal v. New Valley Corp.*,
148 F.R.D. 109, 112 (S.D.N.Y. 1993) ....................................................................27

*Lowery v. County of Riley*,
738 F. Supp. 2d 1159, 1170 (D. Kan. 2010).................................................... 26, 27

*Manez v. Bridgestone Firestone*,
533 F.3d 578, 585 (7th Cir. 2008) .............................................................. 25, 26, 27

*Matta v. May*,
118 F.3d 410, 413 (5th Cir. 1997) ..........................................................................28

*Miranda v. Anchondo*,
684 F.3d 844, 849 (9th Cir. 2012) .............................................................................7

## TABLE OF AUTHORITIES
### (CONTINUED)

*One Industries, LLC v. Jim O'Neal Distribg., Inc.*,
578 F.3d 1154, 1158 (9th Cir. 2009) .........................................................5

*Popa-Verdecia v. Marco Trucking, Inc.*,
No. 8:18-CV-1869-T-02AEP, 2019 WL 527974, at *1
(M.D. Fla. Feb. 11, 2019) ......................................................................29

*Raich v. Gonzales*,
500 F.3d 850, 868 (9th Cir. 2007) .........................................................11

*Rookaird v. BNSF Ry. Co.*,
908 F.3d 451, 457 (9th Cir. 2018) .........................................................19

*Scott v. Dalkon Shield Claimants' Trust,*
No. CIV.A. 85-1718, 1994 WL 321212 (E.D. La. June 23, 1994) ........................23

*Snyder v. ACORD Corporation*,
No. 1:14-CV-01736-JLK, 2019 WL 319407, at *10 (D. Colo. Jan. 24, 2019), *aff'd*,
811 Fed. Appx. 447 (10th Cir. 2020) (unpublished) ...............................23

*Swofford v. Eslinger,*
671 F. Supp. 2d 1274 (M.D. Fla. 2009).................................................24

*U.S. v. Turkette,*
452 U.S. 576, 580 (1981).........................................................................20

*United States v. Echavarria–Escobar,*
270 F.3d 1265, 1267–68 (9th Cir. 2001) ...............................................11

*United States v. Juvenile Male,*
595 F.3d 885, 898 (9th Cir.2010) ..........................................................17

///

///

v

## <u>TABLE OF AUTHORITIES</u>
**(CONTINUED)**

**STATUTES**

11 U.S.C. § 330(a)(1) ............................................................................19

28 U.S.C. § 144 ....................................................................................21

28 U.S.C. § 1927 1, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

49 U.S.C. § 13301(d)(4) .......................................................................21

49 U.S.C. § 20109(a)(2) ........................................................................19

49 U.S.C. § 502(e)(3) ...........................................................................21

8 U.S.C. § 1229(a)(1) ...........................................................................21

**OTHER AUTHORITIES**

125 Cong. Rec. S1343, 1344 (Feb. 8, 1979) ...........................................21

126 Cong. Rec. H 8046—49, at 12 (daily ed. August 28, 1980) ...............20

H.R. Conf. Rep. 96-1234, at 9 ...............................................................21

**RULES**

Rule 12(b)(2), Fed.R.Civ.P .....................................................................1

## STATEMENT OF JURISDICTION

Appellees-Plaintiffs ("Plaintiffs") agree with Appellant's ("Brumley's") recitation of the facts demonstrating the subject matter jurisdiction of the district court in the underlying litigation and the appellate jurisdiction of this Court.

## STATEMENT OF THE ISSUES

1. Did Brumley waive his only argument on appeal by failing to raise it with the district court?

2. If Brumley did not waive his only argument on appeal, is an attorney who submits materially misleading statements to a district court while acting in his role as general counsel, an "attorney" under 28 U.S.C. § 1927?

## STATEMENT OF THE CASE

During the 1970s and 80s, when Plaintiffs were young girls, they were repeatedly sexually molested by Jehovah's Witnesses officials in Hardin, Montana. Plaintiffs' complaints alleged that two of the Jehovah's Witnesses' corporations, Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), worked in concert to promulgate and enforce policies that facilitated the sexual abuse by keeping it secret and protecting the perpetrators.

Instead of answering Plaintiffs' Complaint, WTPA filed a Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. ("WTPA's Motion to Dismiss"),

1

arguing that it conducted no activities giving rise to personal jurisdiction in the United States District Court of Montana ("District Court"). 1-SER-2–45. WTPA's Motion to Dismiss was supported by a single affidavit signed by its general counsel, Brumley. 2-ER-275–82. The first sentence in Brumley's affidavit stated that he is General Counsel for WTPA. *Id*. The second sentence in Brumley's affidavit stated that it was "[i]n this role" that he had direct knowledge of the information in his affidavit. *Id*. Then, based on Brumley's knowledge of what factors the District Court would consider when evaluating his client's minimum contacts in Montana, Brumley proceeded to set forth a host of assertions about WTPA that he hoped the District Court would accept as true. *Id*. Brumley signed his affidavit as "Philip Brumley, Esq." *Id*. The contents of Brumley's affidavit attempted to mislead the District Court into believing WTPA conducted no activities that could give rise to personal jurisdiction in the Federal District of Montana. *Id*.

Unbeknownst to Brumley, Plaintiffs' counsel had obtained documents created by WTPA/WTNY indicating that his representations to the District Court were untrue. 2-ER-241–74. Plaintiffs submitted those documents to the District Court and requested permission to conduct discovery into the veracity of Brumley's sworn representations about WTPA. 1-SER-61–63; 1-SER-80–82.

WTPA opposed Plaintiffs' request and implored the District Court to accept Brumley's statements as true.  1-SER-96–97; 1-SER-113–14.  In support of WTPA's position, Brumley executed a second affidavit, again as "General Counsel" for WTPA.  2-ER-235–40.  Brumley's second affidavit asked the Court to ignore the documents submitted by Plaintiffs that contradicted his first affidavit. *Id.*  Like the first affidavit, Brumley's second affidavit stated that his knowledge of the information in the affidavit was obtained in his role as General Counsel and he signed it as "Philip Brumley, Esq."  *Id.*

Plaintiffs' counsel then obtained and submitted more documents showing that Brumley's first affidavit materially misrepresented his client's activities to the District Court.  2-ER-205–34.  Plaintiffs accordingly sought to supplement the record with the same.  1-SER-118–24.  WTPA opposed this request.  1-SER-125–39.

The District Court agreed that Brumley's representations about WTPA's activities were questionable and granted Plaintiffs' request to conduct jurisdictional discovery.  1-ER-141–55.  Jurisdictional discovery dragged on for 17 months because of discovery disputes necessitating multiple motions to compel.  *See generally* 1-SER-156–2-SER-291.  The District Court granted Plaintiffs' motions to compel against WTPA and WTNY, noting that their answers to written discovery were "vague to the point of non-responsive" and awarded Plaintiffs their

3

costs and fees because "a significant number of [Defendants' objections] were not substantially justified."  1-SER-265, 272 2-SER-284, 290.

In summation:

➢ In his role as WTPA's General Counsel, Brumley drafted, reviewed, and executed a misleading affidavit for the purpose of getting his client WTPA dismissed from the District Court case;

➢ When confronted with evidence contradicting his representations, Brumley filed a second affidavit in his role as General Counsel attempting to explain away the misrepresentations in his first affidavit;

➢ Brumley's material misrepresentations caused 17 months of vexatious and frivolous litigation.

Based on the above dilatory conduct, *inter alia*, Plaintiffs moved for sanctions against Brumley.  12-SER-2783–13-SER-2937.  In opposing Plaintiffs' request for sanctions under 28 U.S.C. § 1927, Brumley's only argument was that his conduct did not rise to a level warranting sanctions because he "never said anything untrue." 13-SER-2948–52; 13-SER-2977–81.  Brumley then requested a hearing on Plaintiffs' Motion for Sanctions.  13-SER-2997–3002.  At no point in Brumley's 21-page brief, or during the hearing that he requested, did he submit evidence or argue that he was not acting as an attorney for WTPA, that he merely signed affidavits drafted by other WTPA attorneys, or that he was not an

"attorney" as that term is understood under 28 U.S.C. § 1927.  2-ER-107–25; 13-SER-2938–96.

After considering Brumley's arguments and the record before it, the District Court concluded that Brumley acted with "at minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role" and ordered his conduct sanctionable under 28 U.S.C. § 1927.  1-ER-58; 1-ER-73.  The District Court then ordered submissions on the amount of monetary sanctions to be paid.  1-ER-60; 1-ER-74–75.  It was here, for the first time, that Brumley argued he was not an "attorney" who could be sanctioned under 28 U.S.C. § 1927.  3-ER-309–14; 3-ER-343–48.  However, the District Court properly noted that Brumley failed to raise this argument in response to Plaintiffs' Motion for Sanctions and he was not permitted to raise it when arguing about the amount of sanctions to be paid.  1-ER-21; 1-ER-43–44.  Brumley now asks this Court to conclude that he is not an "attorney" subject to sanctions under 28 U.S.C. § 1927.  Appellant's Opening Br., DktEntry No. 12 (hereinafter "Brumley's Brief").

## SUMMARY OF PLAINTIFFS' ARGUMENT

Brumley's appeal should be dismissed with prejudice under the well-established rule that a party may not raise an issue on appeal that was not presented to the District Court.  *E.g.*, *One Industries, LLC v. Jim O'Neal Distribg., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009).  On appeal, Brumley argues for the first time that

he was a disinterested fact witness - akin to a witness to an automobile accident - who merely signed affidavits "prepared with the assistance and advice of WTPA's counsel . . ." Brumley's Brief at 22. However, Brumley made no such showing or argument to the District Court when she was determining whether he should be sanctioned under Section 1927. As a result, there was no factual record made at the District Court as to the level of Brumley's involvement in the preparation of his dishonest affidavits. To be sure, had Brumley attempted to shift blame for his dishonest affidavits to WTPA's other attorneys, the District Court could have also sanctioned those attorneys. But Brumley did not make such a factual record below, he did not raise the argument that he was not acting as an "attorney" under 28 U.S.C. § 1927 below, and he is not now entitled to raise that argument on appeal.

But even if this Court entertains Brumley's *I was not acting as an attorney* argument the outcome is the same because Brumley was acting in his role as WTPA's attorney. As evidenced by the affidavits themselves, Brumley's statements were based on information obtained "in his role" as WTPA's general counsel, i.e. WTPA's "attorney." Moreover, Brumley signed his affidavits as "Philip Brumley, Esq." To be sure, Brumley repeatedly chose to emphasize his title and role as an attorney for the purpose of lending credibility to his statements.

If Brumley does not want to be held to the standards of an attorney then he should not attempt to trade on the presumption of credibility afforded to attorneys.

28 U.S.C. § 1927 authorizes sanctions against <u>any</u> attorney or person otherwise admitted to conduct cases in a United States court who unreasonably and vexatiously multiplies the proceedings. This authorization includes sanctioning attorneys like Brumley, who vexatiously multiplied the proceedings below by perpetuating materially misleading testimony to a United States District Court in a sworn affidavit that, by its very terms, was in his role as WTPA's General Counsel.

## <u>STANDARD OF REVIEW</u>

This Court "review[s] all aspects of an award of § 1927 sanctions for an abuse of discretion." *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015) (citing cases). "The construction or interpretation of 28 U.S.C. § 1927 is a question of law, and is reviewed de novo." *Id.* (citing *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012)).

## <u>ARGUMENT</u>

**1. Brumley waived his appellate argument by failing to present it to the District Court.**

Brumley's appeal should be rejected because he failed to raise and preserve his argument at the District Court. In opposing Plaintiffs' Motion to sanction him under 28 U.S.C. § 1927, Brumley made one argument: that his conduct was not

7

sanctionable. 2-ER-107–25; 13-SER-2948–52; 13-SER-2977–81. Brumley did

not present an argument to the District Court that he was not acting as an

"attorney" as that term is used under 28 U.S.C. § 1927.[1] *Id.*

> **a.    Brumley's appeal should be denied because it relies on facts and arguments not properly raised with the District Court.**

The Ninth Circuit applies a "general rule against entertaining arguments on

appeal that were not presented or developed before the district court." *In re*

*Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 992 (9th Cir. 2010).

While not a bright-line rule, "an issue will generally be deemed waived on appeal

if the argument was not 'raised sufficiently for the trial court to rule on it.'" *Id*.

"A workable standard, however, is that the argument must be raised sufficiently for

the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir.

1989).

Brumley's appellate argument asks this Court to believe that he did nothing

more than sign affidavits that other WTPA lawyers drafted, and therefore he was

---

[1] After failing to make this argument in opposition to Plaintiffs' Motion for Sanctions, Brumley attempted to sneak it into his briefing regarding the amount of costs and fees sought by Plaintiffs' counsel. 3-ER-309–14; 3-ER-343–48. However, by prior order, at that point in the proceedings the only issue to be decided was the amount of the sanctions to be levied. The Court had already entertained Brumley's arguments about application of 28 U.S.C. § 1927 and Plaintiffs were not permitted to respond to Brumley's untimely argument. 1-ER-60; 1-ER-74–75. As a result, the District Court found Brumley had not timely raised, and thus waived, his new argument. 1-ER-21; 1-ER-43–44.

not acting as an "attorney" when he perpetuated his misleading affidavits. Brumley's Brief at 14, 22. Thus, as Brumley would have it on appeal, it was WTPA's other lawyers who were acting as WTPA's "attorneys" for the purposes of sanctionable conduct under 28 U.S.C. § 1927. However, Brumley failed to sufficiently raise this issue below, Plaintiffs never had a chance to investigate such a proposition, and the veracity of Brumley's new factual assertions about his role in drafting his own affidavits have no support in the record. 1-ER-21; 1-ER-43–44.

At no point in Brumley's 21-page brief – or during the hearing that he requested – did he argue that he should not be sanctioned because it was really WTPA's other attorneys who should be sanctioned for the misrepresentations submitted to the District Court. 2-ER-107–25; 13-SER-2948–52; 13-SER-2977–81. Had Brumley done so, Plaintiffs and/or the District Court could have investigated the involvement of WTPA's various lawyers in drafting the misleading affidavits: depositions could have been taken; communications otherwise subject to attorney-client privilege could have been evaluated; the truth about which WTPA attorneys drafted the materially misleading parts of Brumley's affidavits would have been exposed; and the District Court could have made factual findings. This, in turn, could have led to other WTPA attorneys being sanctioned for the dishonest affidavits that caused 17 months of vexatious

9

litigation.  But, as it is, Brumley failed to make any record on this critical factual issue that he now attempts to litigate for the first time on appeal.

The unfairness of Brumley's attempt to raise new, un-litigated arguments on appeal is highlighted by his assertion that there is "no evidence that Mr. Brumley coordinated regarding the defensive legal strategies of any of the Defendants, supplied legal arguments, drafted briefs, or otherwise directed the underlying litigation in any way."  Brumley's Brief at 22.  Brumley fails to acknowledge that the reason there is no such evidence is because he chose not to raise his *I was not acting as an attorney* argument with the District Court, thereby eliminating Plaintiffs' ability to make a record on that argument.  In short, Brumley is attempting to use his failure to properly raise his appellate argument below as a weapon on appeal.

By raising factual assertions on appeal that he failed to raise below, Brumley has deprived Plaintiffs of the opportunity to investigate his appellate defense.  It is a fundamental rule that Brumley cannot create and rely on new facts on appeal. *Kirshner v. Uniden Crop. Of America*, 842 F.2d 1074, 1077-78 (9th Cir. 1988).  It is Brumley, not Plaintiffs, who are to be burdened by a failure to properly raise and litigate factual matters with the District Court. *Anderson v. Cumming*, 827 F.2d 1303, 1305 (9th Cir. 1987) (the appellant bears the "burden of a factual record that is incomplete on the issues [he] raises.").  Brumley's appeal should be rejected for

what it is: an impermissible, last-minute attempt to defend himself with factual

assertions he failed to raise below and therefore waived.

### b.  No exception to the general waiver rule is applicable.

This Court can exercise discretion to reach waived issues when: (1) there are

exceptional circumstances why the issue was not raised in the trial court; (2) new

issues have become relevant while the appeal was pending because of [a] change in

the law; (3) the issue presented is purely one of law and the opposing party will

suffer no prejudice as a result of the failure to raise the issue in the trial court; or

(4) plain error has occurred and injustice might otherwise result." *Kaass*, 799 F.3d

at 1293 (quoting *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1267–68

(9th Cir. 2001)).  "Even if a case falls within one of these exceptions, we must 'still

decide whether the particular circumstances of the case overcome [the]

presumption against hearing new arguments.'"  *AMA Multimedia, LLC v. Wanat*,

970 F.3d 1201, 1213–14 (9th Cir. 2020) (quoting *Raich v. Gonzales*, 500 F.3d 850,

868 (9th Cir. 2007)).

None of the recognized exceptions to the waiver rule apply here, and the

circumstances of this case warrant the application of the waiver rule.  Brumley is

an attorney who made intentionally misleading statements to the District Court for

the purpose of convincing her to dismiss his client from the case.  Brumley did so

in his role as General Counsel for WTPA, hoping that his status as an attorney

11

would lend credibility to his sworn statements. Brumley was perpetuating fraud on the District Court by attempting to obtain an outcome for his client that was not justified by fact or law. Brumley's dishonest conduct resulted in 17 months of vexatious litigation. Now, on appeal, Brumley attempts to create and rely on new facts, arguing that it was actually WTPA's other lawyers that are responsible for his dishonest affidavits. If this was true, Brumley had a clear obligation to raise such facts and arguments with the District Court. He failed to do so. The audacity of Brumley's dishonest conduct below, combined with his effort to blame others for it on appeal, should be rejected by this Court.

### i. No exceptional circumstances exist.

Brumley's Brief does not attempt to explain why he failed to timely and sufficiently raise his entire appeal argument at the District Court, let alone argue exceptional circumstances exist. "'A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least "exceptional" circumstance warranting our exercise of this discretion.'" *AMA Multimedia*, 970 F.3d at 1214–15 (9th Cir. 2020) (quoting *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018)). Here, Brumley submitted a 21-page brief to the District Court arguing why he should not be sanctioned under 28 U.S.C. § 1927 and was granted a hearing on the matter. 2-ER-107–25; 13-SER-2948–52; 13-SER-2977–

81. Despite two opportunities to make his argument below, he has not identified any exceptional circumstances that could justify such failure.

### ii.        No new issues have arisen.

Brumley's appeal does not identify any new issues that have arisen since his appeal was filed. Moreover, there has been no change in the law warranting an exception to the waiver rule: 28 U.S.C. § 1927 was last amended in 1980 and every case cited by Brumley's appeal was decided before the briefing submitted to the District Court.

### iii.        Brumley's appeal relies on unsupported facts, and Plaintiffs will be prejudiced if he is permitted to raise them for the first time on appeal.

Brumley's appeal relies on factual assertions about the degree to which he was involved in drafting his dishonest affidavit, as well as factual assertions about the involvement of other WTPA attorneys, which were not raised with the District Court. As a result, his appeal is not "purely one of law." *Kaass*, 799 F.3d at 1293. Moreover, because Brumley's new facts attempt to shift his culpability to other WTPA attorneys who were not sanctioned by the District Court, accepting Brumley's new argument would leave Plaintiffs without a remedy for the injuries caused by the sanctionable conduct. This would prejudice Plaintiffs' ability to obtain a remedy under 28 U.S.C. § 1927 for the harm caused by Brumley's dishonest affidavits.

13

Brumley's defense on appeal depends on his assertion—without any support in the record—that all he did was sign two affidavits prepared by other WTPA attorneys, and therefore he was thus not acting as an "attorney" who can be sanctioned under 28 U.S.C. § 1927.  But Brumley failed to raise this factual wrinkle below and he cannot do so now to escape responsibility for his sanctionable conduct.  *AMA Multimedia*, 970 F.3d at 1215 ("And we decline to consider new arguments that AMA raises for the first time in response to our order for supplemental briefing, and **which implicate facts not in the record**." (emphasis added)).

In *Kaass*, the sanctioned party was a law firm, who argued for the first time on appeal that it was not an "attorney" under 28 U.S.C. § 1927.  799 F.3d at 1292–93.  Despite the issue not being raised below, this Court permitted the argument to go forward on appeal noting that "[t]here is nothing in the record to suggest that Wells Fargo would 'have presented new evidence or made new arguments' if the issue had been raised below." *Id.* at 1293.  That is definitively not the case here.  If Brumley had argued to the District Court that he was merely signing materially misleading statements that were drafted by WTPA's other attorneys, Plaintiffs would have: (a) deposed Brumley; (b) deposed all WTPA counsel who apparently participated in drafting the misleading statements; and (c) subpoenaed all documents evidencing the scheme.  Plaintiffs would have then presented the results

14

of their factual investigation to the District Court, made new arguments about who should be sanctioned based on the same, and sought further or different relief as appropriate. Brumley cannot be permitted to reap the benefit of his failure to timely raise his only appellate argument with the District Court. Accordingly, this Court should apply the waiver rule and reject Brumley's appeal with prejudice.

### iv.        No Plain Error

Brumley's appeal does not claim the District Court committed plain error, and this exception to the waiver rule therefore cannot apply.

### 2. Brumley's sanctionable conduct was in his role as WTPA's "attorney" as that term is used under 28 U.S.C. § 1927.

As an initial matter, Brumley does not dispute or appeal the District Court's fundamental conclusion that his deceptive affidavits "demonstrate, at a minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role." 1-ER-58; 1-ER-73. Nor does he dispute that his actions "multiplied the proceedings for 17 months through jurisdictional discovery and motions to compel." *Id*. Nor does he dispute the amount of monetary sanctions issued. His only argument on appeal is that he is not subject to § 1927 because he was not acting as an "attorney." Brumley's argument ignores the plain language of 28 U.S.C. § 1927 and substantial case law in which 28 U.S.C. § 1927 sanctions were issued against attorneys for conduct when they were not counsel of record.

### a.      Brumley was not just an "affiant-witness, who also happened to be an attorney."

Brumley repeatedly asserts that he was nothing more than an "affiant-witness, who also happened to be an attorney." Brumley's Brief at 21-25. Thus, according to Brumley, he is akin to a disinterested bystander who witnessed a car accident, submitted false statements about what he witnessed, and just happens to be an attorney. Brumley's self-serving characterization is belied by the factual record, which establishes that his role as WTPA's attorney is front and center in the misleading representations he made to the District Court:

> ➢ The very first sentence in Brumley's Affidavit informs the District Court that he is WTPA's General Counsel;

> ➢ The next sentence states that all of the information that follows was obtained by him in his role as General Counsel;

> ➢ Brumley then utilizes his legal knowledge of what information the District Court would consider compelling in a personal jurisdiction / minimum contacts analysis to make a series of misleading representations about his client in an effort to get his client dismissed from the underlying litigation; and

> ➢ Brumley signs his Affidavit as "Philip Brumley, Esq."

2-ER-275–82. Brumley didn't come to the District Court as a corporate record custodian, a corporate officer, or a simple corporate representative. Instead,

16

Brumley intentionally comes to the District Court emphasizing his position and role as WTPA's attorney and he does so for the purpose of lending credibility to his statements.

Brumley's conduct is not that of a disinterested, third-party, "affiant-witness who also happened to be an attorney."  Brumley chose to insert himself into the underlying litigation as WTPA's General Counsel by trading on the presumption that, as an attorney, he could be trusted and would not peddle in misleading representations.  Brumley's conduct is that of an attorney attempting to leverage his position with the hope that the District Court would rely on him to dismiss his client from litigation.  Brumley chose to highlight and leverage his position as WTPA's attorney in his affidavits and it is therefore appropriate that he is being held accountable as an attorney for attempting to mislead a federal district court and vexatiously multiplying the proceedings below.

> **b.    The plain language of 28 U.S.C. § 1927 applies to Brumley because he is an attorney admitted to conduct cases in federal court, and he perpetuated his deceptive statements in that role.**

"When interpreting the meaning of this statute, we 'look first to its plain language.'" *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011) (quoting *United States v. Juvenile Male*, 595 F.3d 885, 898 (9th Cir.2010)).  "'Where the plain meaning of a provision is unambiguous that meaning is controlling, except in the "rare case [in which] the literal application of

a statute will produce a result demonstrably at odds with the intentions of the drafters.""" *Coronado-Durazo v. I.N.S.*, 123 F.3d 1322, 1324 (9th Cir. 1997) (quoting *Almero v. INS*, 18 F.3d 757, 760 (9th Cir.1994)).

§ 1927 begins with "<u>Any</u> attorney or other person admitted to conduct cases in any court of the United States or any Territory who so multiplies the proceedings in <u>any</u> case[.]" (emphasis added). There is nothing ambiguous or confusing about this clause: if a person is either an attorney or otherwise admitted to conduct cases in any court of the United States, then they can be sanctioned under 28 U.S.C. § 1927 in any case in which they vexatiously multiply the proceedings. Here, Brumley does not contest that he is both an attorney and admitted to conduct cases in a court of the United States, the United States Supreme Court. 2-ER-81–82; Decl. of Philip Brumley at ¶ 8, DktEntry No. 9. It is also undisputed that he vexatiously multiplied the proceedings below. 1-ER-58; 1-ER-73. Section 1927, by its plain language, applies to Brumley.

### c.     Brumley is asking this Court to impermissibly rewrite § 1927.

Brumley couches his request that this Court find he is not an "attorney" under 28 U.S.C. § 1927 as one of strictly and narrowly interpreting the statute. Brumley's Brief at 27. But in reality, his appeal actually asks this Court to add words to the statute that do not exist. For instance, Brumley effectively asks this Court to replace the phrases "any attorney" who "multiplies the proceedings in any

18

case" with "attorneys of record" who "multiply the proceedings in cases where

they appear."  Brumley's appeal does not seek a narrow interpretation of a statute;

it asks this Court to rewrite the statute by adding terms that do not exist.

Brumley's effort to rewrite 28 U.S.C. § 1927 to suit his personal agenda should be

rejected.

Courts frequently reject parties' requests to reword unambiguous statutory

language. *E.g.*, *Lamie v. U.S. Tr.*, 540 U.S. 526, 538 (2004) (refusing to read

"attorney" to refer to "debtors' attorneys" in 11 U.S.C. § 330(a)(1));  *Rookaird v.

BNSF Ry. Co.*, 908 F.3d 451, 457 (9th Cir. 2018) (refusing to add the word

"actually" before the word "violate" in 49 U.S.C. § 20109(a)(2)).  To be sure,

"There is a basic difference between filling a gap left by Congress' silence and

rewriting rules that Congress has affirmatively and specifically enacted."  *Lamie v.

U.S. Tr.*, 540 U.S. 526, 538 (2004).  Brumley's interpretation of the unambiguous

language in 28 U.S.C. § 1927 requires this Court to rewrite the law and should be

rejected.

### d.  The legislative history does not evidence a clear indication of contrary intent.

"'Under the established approach to statutory interpretation, we rely on plain

language in the first instance, but always look to legislative history in order to

determine whether there is a clear indication of contrary intent.'"  *Coronado-

Durazo v. I.N.S.*, 123 F.3d 1322, 1325 (9th Cir. 1997) (quoting *Flores–Arellano*, 5

F.3d 360, 363 (9th Cir.1993) (Reinhardt, J., specially concurring)). "If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *U.S. v. Turkette*, 452 U.S. 576, 580 (1981) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).

Contrary to Brumley's argument, there is no legislative history of 28 U.S.C. § 1927 evidencing a "clearly expressed legislative intent" for sanctions to only apply to attorneys of record. *Id.* Brumley's citation to the Committee of Conference of the House of Representatives is certainly not evidence of a "clearly expressed legislative intent" to limit the application of 28 U.S.C. § 1927 to a certain subset of attorneys. The Committee was not addressing whether the statute should only apply to a subset of attorneys. Rather, it was addressing an amendment from the Senate that would have altered the "unreasonably and vexatiously" standard for sanctionable conduct. 126 Cong. Rec. H 8046—49, at 12 (daily ed. August 28, 1980) ("The House conferees were unable to accept the Senate provision, as passed, for several reasons. First, it would have lowered the standard of dilatory conduct necessary to make out a violation and would have done so to such an extent that, in our opinion, the legitimate zeal of attorneys representing their clients would have been chilled."). There is nothing in the legislative history to indicate Congress even considered limiting 28 U.S.C. §

1927's application to only a subset of attorneys who have appeared in a case, let alone intended to do as much. [2]

The legislative history for the most recent amendment to 28 U.S.C. § 1927, which expressly added that attorneys' fees caused by an attorney's dilatory tactics are recoverable, indicates that Congress wanted courts to issue more 28 U.S.C. § 1927 sanctions, not less.  H.R. Conf. Rep. 96-1234, at 9 ("The managers are of the opinion that litigation can be expedited if courts give greater attention to the availability of section 1927, as amended.").  In this light, applying 28 U.S.C. § 1927 to attorneys like Brumley - who perpetuate dishonest statements to federal courts that substantially delay litigation - is consistent with Congress's intent.  *Id.*; 125 Cong. Rec. S1343, 1344 (Feb. 8, 1979) (bill's sponsor stating "the bill encourages counsel to focus on the legitimate issues in the lawsuits and to avoid strategic ploys that do not move the case nearer disposition.").

In the end analysis, there is nothing in the legislative history showing a clearly expressed legislative intent for 28 U.S.C. § 1927 sanctions to apply only to attorneys of record. [3]  This Court should not adopt Brumley's argument, which

---

[2] Had Congress wanted 28 U.S.C. § 1927 to only apply to a subset of "attorneys" it was perfectly capable of writing "attorney of record" or "counsel of record" into the statute.  *E.g.*, 49 U.S.C. § 13301(d)(4); 49 U.S.C. § 502(e)(3); 28 U.S.C. § 144; 8 U.S.C. § 1229(a)(1).

[3] Brumley's reliance on law review articles to support his legislative history argument are not persuasive.  None of the articles can be cited as authority for the

seeks an application of 28 U.S.C. § 1927 that is contrary to the plain language and contrary to the legislative intent.

**e.    28 U.S.C. § 1927 sanctions have been issued against attorneys not of record.**

Brumley criticizes both the District Court and Plaintiffs for not identifying a case in which an attorney not of record was sanctioned under § 1927.  Brumley's Brief at 10.  But Brumley's argument glosses over the fact there was no reason for Plaintiffs or the District Court to do so because he never raised his appellate argument below.  Had he done so, Plaintiffs would have identified the following cases:

➢ In *In re Kinney*, an attorney, Ms. Coleman, was sanctioned under 28 U.S.C. § 1927 for her conduct in at least one case in which she never appeared.  51 B.R. 840, 847 (Bankr. C.D. Cal. 1985).  Ms. Coleman "though not attorney of record, was paid to, and did, prepare the [bankruptcy] petition."  *Id.* at 844.  The court found that "although Ms. Coleman was not the attorney of record at the time of the filing of Kinney # 9, her advice and participation in bringing about the filing makes her liable for sanctions under § 1927."  *Id.* at 847.  Like the attorney in *In re Kinney*, it was Brumley's sanctionable

---

proposition that Congress "clearly expressed legislative intent" for sanctions under 28 U.S.C. § 1927 to only apply to attorneys of record.

conduct that brought about the filing that vexatiously multiplied the proceedings below.

➢ In *Scott v. Dalkon Shield Claimants' Trust,* an attorney, Mr. Pretl, who never appeared and was not even licensed to practice in the jurisdiction, was sanctioned under 28 U.S.C. § 1927 for his role in delaying the case. No. CIV.A. 85-1718, 1994 WL 321212 (E.D. La. June 23, 1994). Mr. Pretl agreed to find expert witnesses for Plaintiffs and participated in Plaintiffs' depositions. *Id.* at *1. However, on the eve of expert witness disclosure, Mr. Pretl abandoned the case, and the court subsequently continued the pretrial deadlines due to Mr. Pretl's manipulation of Plaintiffs and their counsel of record. *Id.* at *2. Mr. Pretl argued that 28 U.S.C. § 1927 could not be applied to counsel not of record, but the court disagreed "Section 1927 refers to attorneys, not to parties, and does not indicate that an attorney not enrolled for a party is to be treated with greater lenience than an attorney of record." *Id.* at *1.

➢ In *Snyder v. ACORD Corporation*, an attorney was sanctioned under 28 U.S.C. § 1927 for his conduct well before he entered an appearance in the case. No. 1:14-CV-01736-JLK, 2019 WL 319407, at *10 (D. Colo. Jan. 24, 2019), *aff'd*, 811 Fed. Appx. 447 (10th Cir. 2020) (unpublished). The court found "Section 1927 does not require that the attorney multiplying the

23

proceedings be counsel of record to be sanctioned, and it would be improper to incentivize attorneys to delay entering an appearance in order to avoid liability for their unreasonable and vexatious conduct." *Id.*

➢ In *Swofford v. Eslinger*, the Defendants' employer's general counsel, Mr. Lane, was sanctioned under 28 U.S.C. § 1927 for his role in spoliating evidence despite never appearing in the case. 671 F. Supp. 2d 1274 (M.D. Fla. 2009). The court found Mr. Lane was responsible for responding to pre-litigation preservation letters and failed to do so appropriately, resulting in spoliated evidence, and accordingly sanctioned him as "any attorney" under 28 U.S.C. § 1927. *Id.* at 1283, 1287–88. At the same time, the court declined to sanction outside litigation counsel because there was no evidence they participated in the spoliation. *Id.* at 1288, n. 10.

As illustrated above, this Court would certainly not be alone in concluding that 28 U.S.C. § 1927 applies to attorneys like Brumley, who are not of record, but choose to engage in sanctionable conduct that vexatiously multiplied proceedings before a United States district court.

### f.    The cases cited by Brumley are not persuasive.

None of the cases cited by Brumley are persuasive. Many of them involve materially distinguishable factual situations, i.e., they do not involve a party's

general counsel who tried to deceive the court into dismissing their client. For example:

> ➢ In *Kaass Law v. Wells Fargo Bank*, this Court ruled that law firms are not sanctionable under 28 U.S.C. § 1927 because they are not "any attorney" nor are law firms "admitted to conduct cases" in federal courts. 799 F.3d at 1293. Brumley is not a law firm, he is an attorney who in that role perpetuated misleading statements to the District Court and he is admitted to conduct cases in federal court; *Kaass* has no application here.

> ➢ In *F.T.C. v. Alaska Land Leasing, Inc.*, this Court ruled that a financial consultant could not be sanctioned under 28 U.S.C. § 1927 because he was neither an attorney nor admitted to conduct cases in any court. 799 F.2d 507, 510 (9th Cir. 1986). Brumley is not a financial consultant, he is WTPA's attorney, he perpetuated misleading statements to the District Court in that role, and he is admitted to conduct cases in federal court; *Alaksa Land* has no application here.

> ➢ In *Manez v. Bridgestone Firestone*, the Seventh Circuit found that 28 U.S.C. § 1927 did not apply to a Mexican attorney not admitted to conduct cases in any United States court. 533 F.3d 578, 585 (7th Cir. 2008). Brumley is not an attorney from a foreign country, he is an attorney from New York admitted to conduct cases in federal court who

attempted to mislead a United States district court into a fraudulent outcome; *Manez* has no application here.

➢ In *AF Holdings LLC v. Navasca*, Plaintiff's owners were two attorneys who formed a business for the purpose of bringing dubious copyright infringement claims and forcing settlements with vexatious litigation tactics. No. C-12-2396 EMC, 2013 WL 5701104 (N.D. Cal. Oct. 16, 2013). The case was dismissed with prejudice, and Defendant was granted attorneys' fees and costs. *Id.* at *1. Defendant subsequently sought to hold AF Holding's owners, who were attorneys, personally liable for the fees and costs. *Id.* While the court declined to do so under 28 U.S.C. § 1927, it issued an order to show cause why the judgment should not be amended to add AF Holding's owners as debtors for the fees award and why they should not be sanctioned under the court's inherent authority. *Id.* at *9.

➢ In *Lowery v. County of Riley*, the court declined to issue sanctions against a party's general counsel for conduct at a mediation before the party was named in the case. 738 F. Supp. 2d 1159, 1170 (D. Kan. 2010). The court found the attorney's actions did not evidence intentional or reckless misconduct. *Id.* Here, Brumley's actions were at a minimum in reckless

26

disregard for the facts and were performed while his client was a named defendant; *Lowery* has no application here.

➢ In *In re Marker*, the court found it did not have personal jurisdiction over several attorneys who took no action or ever appeared in the case before it. 133 B.R. 340, 346 (Bankr. W.D. Pa. 1991). Here, Brumley swore to materially misleading statements he knew would be submitted to the District Court for the purposes of getting his client dismissed[4]; *In re Marker* has no application here.

➢ In *Lee v. L.B. Sales, Inc.*, the Eighth Circuit reversed 28 U.S.C. § 1927 sanctions because the lower court failed to enter findings of fact regarding what conduct it found sanctionable or why. 177 F.3d 714, 719 (8th Cir. 1999). Here, the District Court specifically identified the conduct Brumley was sanctioned for; *Lee* has no application here.

Many other cases cited by Brumley involve no reasoned analysis from the court and/or lack the level of bad faith here:

➢ In *Leventhal v. New Valley Corp.*, the court did not issue Rule 11 sanctions against a party's general counsel because Rule 11 expressly

---

[4] To the extent Brumley is implying the District Court did not have jurisdiction to sanction him, the *Manez* court did not hesitate to find personal jurisdiction over a foreign attorney whose vexatious affidavit was submitted by separate litigation counsel. 533 F.3d at 578.

27

applies to "attorney of record". 148 F.R.D. 109, 112 (S.D.N.Y. 1993). Without any discussion of 28 U.S.C. § 1927—and ignoring the fact § 1927 applies to "any attorney" with no limitation to attorneys of record— the court simply stated "for comparable reasons I also decline to sanction Walters under § 1927 or the Court's inherent powers." *Id.* There is nothing persuasive about this unreasoned grafting of Rule 11's "attorney of record" language onto 28 U.S.C. § 1927.

➢ In *Matta v. May*, the plaintiff, who was an attorney, had his claims dismissed on summary judgment, and the trial court ordered him to pay one defendant $290,262.00 in fees without any reasoning or citation to authority for the award. *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997). The Fifth Circuit found the plaintiff's causes of action "were well-founded in fact and law", and after briefly examining the fees award under 28 U.S.C. § 1927, Rule 11, and the trial court's inherent authority, reversed the fees award. *Id.* at 413–16. Without any analysis or reasoning, the court found that neither plaintiff's status as an attorney or his *pro se* filing made him liable under 28 U.S.C § 1927.[5] *Id.* at 414. Here, Brumley's sworn assertions to the District Court were not "well-

---

[5] The Fifth Circuit's decision is at odds with Brumley's own interpretation of 28 U.S.C. § 1927's application to *pro se* litigants. Brumley's Brief at 25.

founded in fact", they were, at a minimum, recklessly deceptive for the purpose of getting his client dismissed based on a fiction he created.

➢ In *Popa-Verdecia v. Marco Trucking, Inc.*, the court declined to issue 28 U.S.C. § 1927 sanctions because the moving party did not cite a case in which an attorney not of record was sanctioned without any further analysis or reasoning. No. 8:18-CV-1869-T-02AEP, 2019 WL 527974, at *1 (M.D. Fla. Feb. 11, 2019). Such an unreasoned, out of circuit decision is not persuasive, and Plaintiffs have cited cases in which 28 U.S.C. § 1927 sanctions were issued to attorneys not of record.

Ultimately, Brumley points to no persuasive authority supporting a conclusion that he is not an "attorney" who is subject to sanction for attempting to mislead a federal district court and vexatiously litigating for 17 months.

### 3. If the Court determines Brumley cannot be sanctioned under 28 U.S.C. § 1927 it should remand to the District Court for further proceedings.

WTPA's attorneys need to be held accountable for misleading the District Court and vexatiously litigating for 17 months. If this Court accepts Brumley's arguments, and holds that he was not acting as WTPA's "attorney" as that term is described under 28 U.S.C. § 1927, then it should remand this matter back to the District Court for further proceedings so that the factual record can be developed to ascertain exactly which WTPA attorneys should be held accountable for the sanctionable conduct. It would be unjust, unfair, and in direct contravention of the

purpose of Section 1927 to permit the attorneys who attempted to mislead the District Court to evade responsibility for their conduct.

## CONCLUSION

Plaintiffs respectfully submit that Brumley's appeal should be dismissed with prejudice without reaching the merits because he failed to sufficiently raise, litigate, and preserve his appellate argument below. If the Court decides to entertain the merits of Brumley's appeal it should apply the plain language of 28 U.S.C. § 1927 to the factual record, which establishes that Brumley was acting as WTPA's attorney when he misled the District Court and vexatiously multiplied the proceedings below. Finally, if the Court agrees with Brumley that he was not acting as an "attorney" as that term is defined under 28 U.S.C. § 1927, then the case should be remanded back to the District Court so that a factual record may be made to determine which of WTPA's attorneys were involved in misleading the District Court.

DATED this 9th day of December, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

30

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  | 24-5196 and 24/5200 |

I am the attorney or self-represented party.

**This brief contains** | 6,969 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [          ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Ryan Shaffer |  **Date** | 12/9/2024 |
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*